UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALCOM D. COBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-03298-TWP-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| PENDLETON CORRECTIONAL FACILITY, | ) |
| GOVERNOR OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The Plaintiff Malcom D. Cobb, Jr. ("Cobb") is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because Cobb is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when Cobb pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by Cobb are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Cobb brings this action pursuant to 42 U.S.C. § 1983 against the State of Indiana, the Department of Correction, Pendleton Correctional Facility, and the Governor of Indiana.  His allegations regarding deficient medical treatment span two-and-a-half years and involve several correctional officers and medical staff.  He alleges that at various times he was denied treatment, denied medication, and given contradictory directives by correctional staff and medical staff.  Based on his allegations, he asserts a policy or practice claim against the defendants, maintaining that their policies and practices had led to various violations of his Eighth Amendment rights.

Cobb's claims must be dismissed for the following reasons.  First, his claims against the State of Indiana and the Department of Correction are barred by the Eleventh Amendment.  The Eleventh Amendment immunizes an unconsenting state—or a state agency, which is the treated as a suit against the state itself—from suits for damages in federal court.  *See Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

Second, Cobb's claims against Pendleton Correctional Facility must be dismissed because a correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.

Finally, Cobb's allegations are insufficient to state a claim against the Governor of Indiana. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct," *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted), and there are no allegations that the Governor was personally involved in Cobb's deficient medical care.  Nor are there any allegations that the Governor implemented

any policy or practice related to Cobb's or any other inmates' medical care. Without such allegations, Cobb's claims against the Governor must be dismissed.

## II.

Cobb's motion for status of the case, dkt. [11], is **granted** to the extent that the Court has received his initial partial filing fee and his Complaint has now been screened. Cobb shall have **through January 19, 2018**, in which to file an amended complaint. If he fails to do so by this deadline, his case will be dismissed for the reasons set forth above.

If Cobb files an amended complaint, he should be sure to bring his claims against the persons involved in providing him unconstitutional medical care or those responsible for implementing the policies that affected his medical care. However, Cobb should ensure that he does not attempt to bring any claims in this action that are barred by the settlement agreement he reached with Dr. Talbot, Corizon, Nurse Stoops, and Nurse Thomas in Case No. 1:16-cv-00846-WTL-TAB.

**IT IS SO ORDERED.**

Date: 12/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

MALCOM D. COBB, JR.
231767
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant - Court only